[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11136
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 4, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-00392-CAP-JFK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CELERINO OZUNA PALMA,
a.k.a. Celerino Ocuna Palma,
a.k.a. Celerino Ozuna-Palma,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 4, 2011)

Before HULL, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Celerino Palma appeals the procedural and substantive reasonableness of his

50-month sentence for illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2).  He argues that his sentence is procedurally unreasonable because the district court did not meaningfully consider the 18 U.S.C. § 3553(a) sentencing factors.  Palma argues that his sentence is substantively unreasonable because it: (1) was based almost exclusively on his criminal history; (2) was unnecessarily harsh; (3) violated the parsimony principle encompassed in § 3553(a); (4) was longer than necessary to achieve § 3553(a)'s sentencing goals; and (5) was based in part on the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii), which was not based on empirical data and double counted his criminal history.  For the reasons set forth below, we affirm Palma's sentence.

I.

Palma, a citizen of Mexico, was administratively deported on December 15, 2008, following a 2006 state court conviction for conspiracy to commit murder. He was later apprehended by Immigration and Customs Enforcement agents in Atlanta, Georgia on August 6, 2010.  There was no evidence that he was granted permission to reenter the country after being deported.  Palma ultimately pleaded guilty to one count of illegal reentry after deportation.

Palma's base offense level was eight, pursuant to U.S.S.G. § 2L1.2.  He

received a 16-level enhancement under § 2L1.2(b)(1)(A)(ii)[1] because he was previously deported after being convicted of a crime of violence, namely, conspiracy to commit murder. After a 3-level reduction for acceptance of responsibility, Palma's total adjusted offense level was 21. He was assigned a criminal history category of III because he committed the instant offense while on probation, and he had prior convictions for carrying a concealed weapon, carrying a deadly weapon at a public gathering, conspiracy to commit murder, and possession of a firearm or knife during the commission of a felony. As to the latter two convictions, the presentence investigation report explained that, according to the indictment, Palma had shot and killed one victim and shot and injured a second victim. Based on an offense level of 21 and a criminal history category of III, Palma's guideline range was 46 to 57 months' imprisonment, and the statutory maximum sentence was 20 years' imprisonment.

At sentencing, Palma, through counsel, explained that he was apprehended while at work and that, according to his manager, he was a good, reliable, hard-working employee. As to his conspiracy to commit murder offense, Palma had originally been convicted of murder. His conviction was overturned on

---

[1] Although U.S.S.G. § 2L1.2(b)(1)(A)(ii) mandates a 16-level enhancement when a defendant has previously been deported after being convicted of a crime of violence, the presentence investigation report mistakenly cites § 2L1.2(b)(1)(B).

appeal, and on remand, he accepted the state's plea deal for the offense of conspiracy to commit murder. He was removed from the country after serving that sentence, and he illegally reentered the United States in late 2008 or early 2009. He committed his previous crime ten years ago, when he was 21 years old. Since returning to the United States, he had met his common-law wife, with whom he had an infant daughter. Palma then personally addressed the court, apologizing for illegally reentering the country. He stated that he returned here because of the poor economic situation in Mexico, and that he was supporting his family in the United States. Palma's attorney then asked the court to impose a sentence below the guideline range.

The court stated that it considered the expense of imprisoning Palma, the fact that Palma had not committed any offenses since returning to the United States, the seriousness of Palma's conviction for conspiracy to commit murder, the speed with which he had illegally returned to the United States, and the need to deter Palma from committing future crimes. The court then sentenced Palma to 50 months' imprisonment and 3 years' supervised release. The court then further explained its sentence, emphasizing that Palma had a significant criminal history and that the chosen sentence would "appropriately punish" Palma and deter him from committing further crimes. The court stated that it had considered the

4

§ 3553(a) factors, particularly deterrence.

## II.

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). Under the abuse of discretion standard, a sentence will be affirmed "unless we find that the district court has made a clear error of judgment." *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (*en banc*). "[W]e will not second guess the weight (or lack thereof) that the [district court] accorded to a given factor . . . as long as the sentence ultimately imposed is reasonable in light of *all* the circumstances presented." *United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010) (quotation omitted), *cert. denied*, 79 U.S.L.W. 3522 (U.S. June 6, 2011) (No. 10-1075).

In reviewing the reasonableness of a sentence, we conduct a two-step review, first ensuring that the sentence was procedurally reasonable, meaning that the district court properly calculated the guideline range, treated the guideline range as advisory, considered the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and "adequately explain[ed] the chosen sentence." *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. At the time of sentencing, the court must state its reasons for imposing a particular sentence. 18 U.S.C. § 3553(c).

However, the court is not required "to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). A court's acknowledgment that it has considered the § 3553(a) factors and the parties' arguments is usually sufficient. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005).

Once we determine that a sentence is procedurally sound, we must examine whether the sentence was substantively reasonable in light of the record and the § 3553(a) factors. *Id.* at 788. The district court is required to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in" 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a). These purposes include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *Id.* § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

We ordinarily expect a sentence within the guideline range to be reasonable. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). The reasonableness of a sentence may also be indicated when the sentence imposed is well below the statutory maximum sentence. *See id.* The goal of sentencing "is to lock in a sentence that is not too short and not too long, but just right to serve the purposes of § 3553(a)." *United States v. Irey*, 612 F.3d 1160, 1197 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S.Ct. 1813 (2011). We have criticized the use of the term "parsimony principle" because "it tends to slant the discussion toward shorter sentences by emphasizing only" the need to avoid sentences that are too long. *Id.* The party challenging a sentence bears the burden of establishing that it is unreasonable. *Talley*, 431 F.3d at 788.

In *United States v. Adeleke*, 968 F.2d 1159, 1160-61 (11th Cir. 1992), we upheld the enhancements set forth in § 2L1.2(b)(1) because: (1) they rationally promote the policy of deterring aliens who are also convicted felons from reentering the United States; and (2) they do not result in improper double counting because the Sentencing "Commission clearly intended prior felonies to count against defendants under both the criminal history section and § 2L1.2." Furthermore, a guideline section is not invalid simply because it may not be based on empirical evidence. *Snipes*, 611 F.3d at 870. Rather, a lack of empirical

evidence is merely one factor that a district court can consider in exercising its right to depart from the guideline range. *Id.*

Palma's sentence is both procedurally and substantively reasonable. As to procedural reasonableness, the court properly calculated the guideline range, treated that range as advisory, stated that it considered the § 3553(a) factors, and explained which factors most influenced its decision to impose a 50-month sentence. Contrary to Palma's argument that the court did not meaningfully consider the § 3553(a) factor, the court explained that it had considered a number of factors, including the fact that Palma had not been arrested since returning to the United States, the seriousness of his most recent conviction, his rapid return to the United States after being deported, the need to deter him from committing other crimes, and the need for appropriate punishment.

Palma's sentence is also substantively reasonable in light of the record and the § 3553(a) factors. The court's sentence of 50 months is within the applicable guideline range of 46 to 57 months and well below the 20-year statutory maximum penalty, and we ordinarily expect such a sentence to be reasonable. *See Gonzalez*, 550 F.3d at 1324. The sentence, moreover, met the goals encompassed within § 3553(a). Palma was deported in 2008 after being convicted of conspiracy to commit murder and possession of a firearm or knife during the commission of a

felony.  He illegally reentered the country soon after being deported and while still on probation for the foregoing convictions.  Considering Palma's criminal history and disregard for the criminal and immigration laws of the United States, a sentence within the guideline range was necessary to promote respect for the law, provide just punishment, deter Palma from further criminal activity, and protect the public.  Due to the seriousness of Palma's criminal history and the speed with which he illegally returned to the United States after previously being deported, a lower sentence was not warranted, and Palma's parsimony principle argument fails.  *See Irey*, 612 F.3d at 1197.  Therefore, Palma's ultimate sentence was reasonable, and we will not re-weigh the § 3553(a) factors.  *See Snipes*, 611 F.3d at 872.

Palma's arguments as to the 16-level enhancement contained in § 2L1.2 are meritless.  This enhancement is justified because it deters aliens who are convicted felons from returning to the United States.  *See Adeleke*, 968 F.2d at 1160-61.  Furthermore, the enhancement is not impermissible double counting because the Sentencing Commission intended for prior felonies to result in both an increased criminal history score and a § 2L1.2(b)(1) enhancement.  *See Adeleke*, 968 F.2d at 1161.  Finally, Palma's argument that § 2L1.2 is not based on empirical data does not change the result because: (1) a guideline section need not be invalidated

because it is not based on empirical data; and (2) while the district court may impose a variance because a guideline section is not based on empirical data, it is not required to do so. *See Snipes*, 611 F.3d at 870. Based on the above, Palma's sentence was procedurally and substantively reasonable.

For the foregoing reasons, we affirm Palma's sentence.

**AFFIRMED.**